BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 8646 EVERIDGE COURT, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 115-1200-101-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al.<br><br>Defendants. | 2:13-CV-00363-KJM-KJN<br><br>STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER<br><br>DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |

The United States and Claimants East West Bank, Bao Qiong Li, East West Bank, Xiu Zhen Chen, and Zhi Cai Wu (collectively, the "claimants"), by and through counsel, hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings until the resolution of the related criminal case against Zhiqiang Liu, Shihong Chen, Qinghong Li, and Jun Mou Peng regarding marijuana cultivation at 8646 Everidge Court, Sacramento, California; 8270 Cliffcrest Drive, Sacramento, California; 9761 McKenna Drive, Elk Grove, California; 3713 45th Avenue, Sacramento, California; and 54 Caina Court, Sacramento, California

1

("defendant properties").[1] Claimant Bao Qiong Li is the record owner of defendant property 9761 McKenna Drive which is a residence. Claimant East West Bank is the lienholder on the 9761 McKenna Drive property. Claimant Xiu Zhen Chen is the record owner of 3713 45th Avenue, which is a residence. Claimant Zhi Cai Wu is the record owner of 54 Caina Court, which is a residence.

1. Each of the claimants has filed a claim to one the defendant properties. East West Bank filed an Answer on June 13, 2013. Claimants Bao Qiong Li, Xiu Zhen Chen, and Zhi Cai Wu have not yet filed their Answers and will not be required to do so until the stay contemplated by this stipulation expires.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant properties were used to facilitate the cultivation of marijuana and/or were derived from proceeds of the cultivation of marijuana.

3. To date, several individuals have been charged with federal crimes related to marijuana cultivation at the defendant properties, United States. v. Zhiqiang Liu, et al., Case No. 2:13-CR-00050-KJM; but Bao Qiong Li, Xiu Zhen Chen, and Zhi Cai Wu have not been charged with any criminal offense by state, local, or federal authorities. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the marijuana grows at the defendant properties. Nevertheless, the United States intends to depose the record owners regarding their ownership of the defendant properties, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grows at the defendant properties. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant properties, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating

---

[1] United States. v. Zhiqiang Liu, et al., 2:13-CR-00050-KJM.

themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Drug Enforcement Administration. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of the federal authorities to investigate the alleged underlying criminal conduct.

5. During the stay, the parties reserve the right to seek all avenues of redress to preserve the real properties, including filing a motion for interlocutory sale or seeking a receiver appointment to collect rents and maintain the property. This includes filing such a motion under the Supplemental Rules if the real properties are in default or have substantial mortgage payments in arrears.

6. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal case. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

Dated: 6/28/13

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: June 27, 2013

FRENCH & LYON
A Professional Corporation

By: /s/ Patricia H. Lyon
PATRICIA H. LYON
Attorneys for claimant EAST WEST BANK

(Signature retained by attorney)

3

Stipulation to Stay Further
Proceedings and Order

Dated 6/26/2013

/s/ Mark Reichel
MARK REICHEL
Attorney for claimants BAO QIONG LI,
XIU ZHEN CHEN, ZHI CAI WU

(Signature approved by email)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) until the conclusion of the related criminal case, at which time the parties will advise the Court whether a further stay is necessary.

IT IS SO ORDERED

Dated: July 3, 2013

_____
UNITED STATES DISTRICT JUDGE

Stipulation to Stay Further
Proceedings and Order