PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 8646 EVERIDGE COURT, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 115-1200-101-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 8270 CLIFFCREST DRIVE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 115-1140-009-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 9761 MCKENNA DRIVE, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 132-1310-020, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 3713 45TH AVENUE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 037-0174-009, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and<br><br>REAL PROPERTY LOCATED AT 54 CAINA COURT, SACRAMENTO, CALIFORNIA, | 2:13-CV-00363-KJM-KJN<br><br>FINAL JUDGMENT OF FORFEITURE |

1

| | |
|---|---|
| 1<br>2<br>3 | SACRAMENTO COUNTY, APN: 040-0260-074, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>        Defendants. |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil action *in rem* brought against the following real properties:

   (a) 8646 Everidge Court, Sacramento, California, Sacramento County, APN: 115-1200-101-0000, including all appurtenances and improvements thereto;

   (b) 8270 Cliffcrest Drive, Sacramento, California, Sacramento County, APN: 115 1140-009-0000, including all appurtenances and improvements thereto;

   (c) 9761 McKenna Drive, Elk Grove, California, Sacramento County, APN: 132-1310-020-0000, including all appurtenances and improvements thereto,

   (d) 3713 45th Avenue, Sacramento, California, Sacramento County, APN: 037-0174-009-0000, including all appurtenances and improvements thereto; and

   (e) 54 Caina Court, Sacramento, California, Sacramento County, APN: 040-0260 074-0000, including all appurtenances and improvements thereto.

The record owner of the defendant property identified in paragraphs 1(a) is Green Venture, LLC. The record owner of the defendant properties identified in paragraphs 1(b) and (e) is Zhi Cai Wu. The record owner of the defendant property identified in paragraph 1(c) is Bao Qiong Li. The record owner of the defendant property identified in paragraph 1(d) is Xiu Zhen Chen.

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on February 22, 2013, alleging that said defendant properties are subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7).

3. On March 6, 2013, the defendant properties were posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on May 11, 2013, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on June 20, 2013.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities:

|   |   |   |
|---|---|---|
| | a. | Green Venture, LLC |
| | b. | Zhiqiang Liu |
| | c. | Zhi Cai Wu |
| | d. | Xiu Zhen Chen |
| | e. | Jun Mou Peng |
| | f. | Huan Hao Chen |
| | g. | Qiao Ling Feng |
| | j. | Jin Fang Chen |
| | i. | Limei Feng |
| | j. | Bao Qiong Li |
| | k. | Liandi Wu |
| | l. | East West Bank |
| | m. | City of Sacramento |

6. On April 9, 2013, claimant Zhi Cai Wu filed a claim alleging an interest in the defendant property located at 3713 45th Avenue, Sacramento, California. On April 9, 2013, claimant Xiu Zhen Chen filed a claim alleging an interest in the defendant property located at 54 Caina Court, Sacramento, California. On April 12, 2013, claimant Bao Qiong Li filed a claim alleging an interest in the defendant property located at 9761 McKenna Drive, Elk Grove, California.

7. On May 30, 2013, East West Bank filed a claim alleging a lien holder interest in the real property located at 9761 McKenna Drive, Elk Grove, California ("defendant McKenna property").

8. The Clerk of the Court entered a Clerk's Certificate of Entry of Defaults against Green Venture LLC, Huan Hao Chen, Jin Fang Chen, Jun Mou Peng, Liandi Wu, Limei Feng, and Qiao Ling Feng on May 2, 2014. Pursuant to Local Rule 540, the United States and claimants thus join in a request that as part of the Final Judgment of Forfeiture in this case the Court enter a default judgment against the interests, if any, of Green Venture LLC, Huan Hao Chen, Jin Fang Chen, Jun Mou Peng, Liandi Wu, Limei Feng, and Qiao Ling Feng without further notice.

9. Pursuant to the plea agreement on the related criminal case 2:13-CR-00050-KJM, Zhiqiang Liu agreed to forfeit all of his right, title and interest in 8646 Everidge Court, Sacramento, California and 8270 Cliffcrest Drive, Sacramento, California as involved in his drug crimes. ECF 195 at A-1. On March 9, 2016, Zhiqiang Liu executed a Stipulation for Final Judgment of Forfeiture forfeiting all of his right, title and interest in 8646 Everidge Court, Sacramento, California and 8270 Cliffcrest Drive, Sacramento, California. A Partial Final Judgment of Forfeiture was entered on August 23, 2017, forfeiting the 8646 Everidge Court property and Zhiqiang Liu's interest in the 8270 Cliffcrest Drive property to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7).

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulations for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against claimants Zhiqiang Liu, Zhi Cai Wu, Bao Qiong Li, Xiu Zhen Chen and all other potential claimants who have not filed claims in this action.

    a. All right, title, and interest of Zhiqiang Liu, Zhi Cai Wu, Bao Qiong Li, and Xiu Zhen Chen, in the following defendant properties shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7), to be disposed of according to law:

        i. Real Property located at 8270 Cliffcrest Drive, Sacramento, California, Sacramento County, APN: 115-1140-009-0000, including all appurtenances and improvements thereto, more fully described as,

        Lot 1240 as shown on the "Plat of Countryside Unit No. 10", in the County of Sacramento, State of California, filed on July 26, 1989 in Book 195 of Maps, Map No. 16, in the Office of the County Recorder of said county;

        ii. Real Property located at 3713 45th Avenue, Sacramento, California, Sacramento County, APN: 037-0174-009-0000, including all appurtenances and improvements thereto, more fully described as,

        The land described herein is situated in the State of California, County of Sacramento, Unincorporated Area, and is described as follows:

        Lot 9, as shown on the "Plat of Kaar Tract", recorded in Book 36 of Maps, Map No. 28, Records of said county.

    b. Claimant Bao Qiang Li has agreed to pay the United States a sub *res* in the amount of $75,000.00 in lieu of the United States forfeiting the real property located at 9761 McKenna Drive, Elk Grove, California, Sacramento County, APN: 132-1310-020-0000. The sub *res* shall be paid based on the following payment plan:

- $3,000.00 due by November 15, 2017
- $3,000.00 due by February 15, 2018
- $3,000.00 due by May 15, 2018
- $3,000.00 due by August 15, 2018
- $3,000.00 due by November 15, 2018
- $3,000.00 due by February 15, 2019
- $3,000.00 due by May 15, 2019
- $3,000.00 due by August 15, 2019
- $3,000.00 due by November 15, 2019

- $3,000.00 due by February 15, 2020
- $3,000.00 due by May 15, 2020.
- $3,000.00 due by February 15, 2021
- $3,000.00 due by May 15, 2021
- $3,000.00 due by August 15, 2022
- $3,000.00 due by November 15, 2022
- and $3,000 each quarter thereafter until the $75,000 is retired.

Claimant Bao Qiang Li shall make the sub res payments in the form of cashier's checks, payable to the U.S. Marshals Service, and send them to the following address: U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, California 95814. Said funds shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7).

   c. Within thirty (30) days of full payment of the entire settlement amount of $75,000.00, the United States shall record a withdrawal of *lis pendens* against the defendant McKenna property.

   d. If payment in full is not made within the time stipulated above, Claimant Bao Qiang Li will be deemed to be in default of this stipulation and the U.S. Marshals Service shall be authorized to sell the defendant McKenna property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. Through the sale of the defendant property, the United States shall receive the net proceeds of the defendant property, less payments for costs of selling the property, cleanup, other expenses incurred, including the payoff for the East West Bank lien, and any other legitimate liens that exist on the defendant McKenna property.

  3. Within 60 days of the entry of a Final Judgment of Forfeiture, the United States shall record a Withdrawal of Lis Pendens against the defendant real property located at 54 Caina Court, Sacramento, California, Sacramento County, APN: 040-0260-074-0000, including all appurtenances and improvements thereto.

  4. The U.S. Marshals Service (or a designee) shall list the defendant real properties referenced in paragraph 2(a) for sale and shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant real properties.

  5. The U.S. Marshals Service shall have the defendant real properties referenced in paragraph 2(a) appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the

appraiser may have access to the defendant real properties and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

    6.    If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the properties to facilitate the marketing and sale of the properties.

    7.    The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        a.    The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

        b.    Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

        c.    A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

        d.    The seller shall pay any county transfer taxes.

        e.    To the United States of America: the net proceeds from the sale of the defendant real properties. All right, title, and interest in said funds shall be substituted for the defendant real properties and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

    8.    Any liens or encumbrances against the defendant real properties that appear on record subsequent to the recording of plaintiff's *amended* lis pendens documents on March 25, 2013, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

    9.    The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

    10.    All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real properties.

11. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

12. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant properties with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant properties with the Complaint, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

13. Each party shall bear their own costs and attorney's fees.

14. The U.S. District Court for the Eastern District of California, Hon. Kimberly J. Mueller, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

15. Based upon the allegations set forth in the Complaint filed February 22, 2013, and the Stipulations for Final Judgment of Forfeiture filed in this case, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant properties and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

IT IS SO ORDERED this 28th day of September, 2017.

_____
UNITED STATES DISTRICT JUDGE

7

Final Judgment of Forfeiture